UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TERRY DON MILLER,

    PLAINTIFF,

v.

CONN APPLIANCES, INC.,

    DEFENDANT.

Case No.: 3:22-cv-1660

***JURY TRIAL DEMANDED***

Plaintiff Terry Don Miller ("Plaintiff"), by counsel, and hereby files his Complaint ("Complaint") against Defendant Conn Appliances, Inc. ("Defendant" or "Conn"), as follows:

**INTRODUCTION**

1. This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

2. The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681.

3. In furtherance of its underlying purposes, the FCRA sets out the requirements and obligations on consumer reporting agencies, pursuant to 15 U.S.C. § 1681i, and on persons who furnish information to consumer reporting agencies, pursuant to 15 U.S.C. § 1681s-2(b), to take after receipt of notice that a consumer disputes the accuracy of an item of information, such as an account.

1

4. Accordingly, the FCRA holds consumer reporting agencies and furnishers responsible for taking reasonable steps to correct a consumer's credit report once the consumer brings the inaccuracy to the consumer reporting agencies' attention. *See Sloane v. Equifax Info., Services, LLC*, 510 F.3d 495, 506-07 (4th Cir. 2007).

5. Plaintiff's credit report included an account opened with Conn that was reported with inaccurate payment history.

6. Plaintiff disputed the account with one or more the consumer reporting agencies, and at least one of the consumer reporting agencies, upon information and belief, notified Defendant of the disputes.

7. In response, Conn failed to conduct a reasonable investigation of Plaintiff's disputes and failed to consider all relevant information available to it.

8. Defendant also failed to credit report the Account as in dispute by Plaintiff after receipt of his bona fide disputes.

9. As set forth below, Plaintiff suffered concrete and particularized harm because of Conn's multiple violations of the FCRA

## PARTIES

10. Plaintiff Terry Don Miller is an adult resident of this Judicial District and a "consumer" as defined by the FCRA.

11. Defendant Conn Appliances, Inc. ("Conn") is a domestic corporation formed in Texas and with its principal place of business located in 4055 Technology Forest Blvd., Suite 210, The Woodlands, Texas 77381. Conn is also a "person" and a "furnisher" of information as defined by or otherwise used by and within the FCRA. At all relevant times, Conn was doing business in this Judicial District

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events described below occurred in this Judicial District. At all relevant times Conn was doing business in this Judicial District.

## FACTUAL ALLEGATIONS

14. Plaintiff opened an account with Conn ending in 4571 (hereinafter, the "Account").

15. Plaintiff made timely payments to Defendant for the Account.

16. On August 9, 2020, Plaintiff paid off the Account in full and early.

17. Conn closed the Account.

18. However, Conn inaccurately credit reported the Account with late payment history.

19. Plaintiff disputed the Account payment history directly to Conn.

20. Conn said it would be back in touch with him regarding his dispute, but Conn did not contact Plaintiff.

21. Plaintiff disputed the Account to the Consumer Financial Protection Bureau ("CFPB").

22. Conn received Plaintiff's dispute from the CFPB. In response, Conn stated:

Our investigation reveals that:

    1. You paid your account balance in full;
    2. Delinquent credit marks were reported on the account; and
    3. Conn's has removed the delinquent credit marks assessed on the [A]ccount.

23. In addition, Conn stated in its response to Plaintiff's CFPB complaint:

You paid the [A]ccount balance in full on August 9, 2020 and the [A]ccount was closed. Conn's completed a manual AUD on August 20, 2022 to remove the

delinquent marks that were assessed on the [A]ccount in error. We have included a copy of the manual AUD, signed documents and payment history for your records. Conn's appreciates you for bringing your concerns to our attention and apologizes for any inconvenience you experienced due to this matter.

24. Notwithstanding, Conn continued to credit reported the Account as 30, 60, 90, 120, 150, 180 days past due.

25. Between September 2020 and April 2021, Plaintiff disputed the Account to consumer reporting agencies no less than twelve (12) times.

26. Between September 2020 and April 2021, Conn received notice of Plaintiff's disputes from consumer reporting agencies no less than twelve (12) times.

27. The consumer reporting agencies notified Conn Plaintiff disputed the previous account history and status and asked Conn to verify the account information it reported to it. The consumer reporting agencies also notified Conn that Plaintiff complained the Account was paid and never late.

28. At least one consumer reporting agency notified Conn Plaintiff complained he never missed a payment on the Account, made double or triple payments and the Account was paid in full.

29. The consumer reporting agencies provided Conn with additional relevant information, including copies of Plaintiff's disputes, the AUD Conn previously provided to the consumer reporting agencies stating the Account did not have any late payment history, Conn's response to the CFPB stating the delinquent Account history was reporting in error and payment history for the Account.

30. Notwithstanding, Conn verified the delinquent Account information to the consumer reporting agencies no less than twelve (12) times.

31. Conn's inaccurate credit reporting is also evident from the conflicting Account information it credit reported to three different consumer reporting agencies.

32. For example, in January 2021, Conn credit reported the Account with three totally different payment histories to the nationwide consumer reporting agencies for 2020:

|  | Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Experian | OK | OK | 30 | 60 | 90 | 120 | 150 | 180 | 180 | 180 | OK | OK |
| Trans Union | OK | OK | OK | OK | OK | OK | OK | NR | NR | NR | NR | NR |
| Equifax | 60 | 90 | 120 | 120 | 120 | 120 | 120 | OK | OK | NR | NR | NR |

33. Subsequently, in March 2021, Conn credit reported the Account to Equifax as 150 days past due in September 2020, and, 180 days past due in October, November, and December 2020. Conversely, Conn did not report any delinquent payment history on the Account to Trans Union.

34. Previously, in September 20202, Conn credit reported the Account to Experian as 180 days late in May, June, July 2020. However, that same month, Conn credit reported the Account to Experian as 150 days late in May 2020, 180 days late in June, July, and August 2020, but no late payment made in September 2020.

35. In September 2020, Conn reported the Account to Experian as 30 days late in December 2019 and 60 days late in January 2020; however, in October 2020, credit reported the Account to Experian with no late payment history in December 2019 and only 30 days late in January 2022.

36. Conn also credit reported the Account without the appropriate Compliance Condition Codes after notice of Plaintiff's bona fide dispute.

37. Despite notice of Plaintiff's dispute of the Account, Conn did not credit report the Account as in dispute or otherwise report any Compliance Condition Codes.

38. In connection with any FCRA investigation of the disputed Account, Conn failed to perform a reasonable investigation of Plaintiff's disputes.

39. Defendant failed to review all relevant information supplied by the consumer reporting agencies in connection with its FCRA investigations, including but not limited to the payment history ledger, CFPB response to Plaintiff's Complaint or the AUD.

40. Defendant did not review all relevant information in its own files and records in connection with its FCRA investigations. For example, Conn failed to review the AUD in its own records and previously submitted to the consumer reporting agencies in August 2020, which stated the Account late payment marks were reported in error

41. As a result of Conn's violations of the FCRA, Plaintiff has suffered adverse credit action, including denial of credit for a mortgage, damage to credit reputation, lower credit score, out-of-pocket expenses, interference with his normal and usual activities, expended time and suffered emotional distress for an extended period of time.

## COUNT 1 – VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681s-2(b)(1)(A)

42. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

43. The FCRA requires furnishers, such as Conn, to conduct a reasonable investigation of the disputed information after receipt of a dispute notice from a consumer reporting agency.

44. Conn violated the FCRA when it failed to conduct a reasonable investigation of Plaintiff's disputes received from a consumer reporting agency.

45. As a result of Conn's violations of the FCRA, Plaintiff has been damaged as set forth above.

46. Conn's conduct in violating 15 U.S.C. §§ 1681s-2(b)(1)(A) was willful, making it liable to Plaintiff for statutory and punitive damages, plus attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.  In the alternative, Conn's conduct was negligent, entitling Plaintiff to recover his actual damages, plus attorneys' fees pursuant to 15 U.S.C. § 1681o.

### COUNT 2 – VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681s-2(b)(1)(B)

47. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

48. The FCRA requires Conn to review all relevant information provided to it by a consumer reporting agency in connection with its investigation of disputed information.

49. Conn violated the FCRA when it failed to review all relevant information provided to it by a consumer reporting agency in connection with its investigation of disputed information.

50. As a result of Conn's violations of the FCRA, Plaintiff has been damaged as set forth above.

51. Conn's conduct in violating 15 U.S.C. §§ 1681s-2(b)(1)(B) was willful, making it liable to Plaintiff for statutory and punitive damages, plus attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.  In the alternative, Conn's conduct was negligent, entitling Plaintiff to recover his actual damages, plus attorneys' fees pursuant to 15 U.S.C. § 1681o.

### COUNT 3 – VIOLATIONS OF THE FCRA
### 15 U.S.C. §§ 1681s-2(b)(1)(C-D)

52. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

53. The FCRA requires Conn to include a notation that an account is in dispute and to correctly report results of an accurate investigation to each consumer reporting agency.

54. Conn violated the FCRA when it failed to add the "XB" or "XC" Compliance Condition Code in its responses to the consumer reporting agencies disputes, which would have indicated the Account was in dispute by Plaintiff.

55. Conn knew Plaintiff disputed the Account through his indirect communications with the consumer reporting agencies and direct disputes made to Conn.

56. Plaintiff's disputes were bona fide as the Account as the Account was reported with inaccurate payment history.

57. As a result of Conn's violations of the FCRA, Plaintiff has been damaged as set forth above.

58. Conn's conduct in violating 15 U.S.C. §§ 1681s-2(b)(1)(C-D) was willful, making it liable to Plaintiff for statutory and punitive damages, plus attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.  In the alternative, Conn's conduct was negligent, entitling Plaintiff to recover his actual damages, plus attorneys' fees pursuant to 15 U.S.C. § 1681o.

## **TRIAL BY JURY IS DEMANDED**

59. Plaintiff requests a jury trial on all claims.

## **PRAYER**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Statutory damages to be determined by the jury; and

4. Attorneys' fees and costs.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Statutory damages to be determined by the jury; and

4. Attorneys' fees and costs.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Statutory damages to be determined by the jury; and

4. Attorneys' fees and costs.

Dated: July 30, 2022

        Respectfully submitted,

        */s/ Micah S. Adkins*
        Micah S. Adkins
        TX BAR NO. 24088777
        **THE ADKINS FIRM, P.C.**
        One Lincoln Centre
        5400 Lyndon B. Johnson Fwy., Suite 1200
        Dallas, Texas 75240
        (214) 974.4030 Telephone
        MicahAdkins@ItsYourCreditReport.com
        *COUNSEL FOR PLAINTIFF*
        *TERRY DON MILLER*